MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the      day of              two thousand and four.

PRESENT:

      JOSÉ A. CABRANES
      CHESTER J. STRAUB
      RICHARD C. WESLEY
           *Circuit Judges.*

-------------------------------------x

MICHAEL MORIARTY,

    *Plaintiff-Appellant,*

    -v.-                                  No. 03-0194

LESLIE BROOKS, Warden, I/O; STRANGE, Warden, I/O, JAMES R. SMITH, Claims Comm, I/O,

    *Defendants-Appellees.*

-------------------------------------x

APPEARING FOR APPELLANT:    Michael Moriarty, *pro se*, Otisville, NY.

APPEARING FOR APPELLEES:    Henri Alexandre, Assistant Attorney General (Richard Blumenthal, Attorney General, *on the brief*), Connecticut Attorney General's Office, Hartford, CT.

-1-

ISSUED AS MANDATE: SEP 2 4 2004

Appeal from an order of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **VACATED** in part, **REMANDED** in part, and **AFFIRMED** in part.

Appellant Moriarty filed a civil rights complaint in the District Court against Appellees Brooks, Strange and Smith, seeking compensatory and punitive damages related to a utility-closet accident (in which Moriarty fell from a make-shift ladder and impaled his thigh on an exposed water valve), and the administrative response thereto, that occured while Moriarty was an inmate in the Osborn Correctional Institution ("Osborn"). The District Court *sua sponte* ordered dismissal of all of Moriarty's claims pursuant to 28 U.S.C. § 1915(e) in a memorandum of decision, filed June 3, 2003.

The District Court dismissed Moriarty's claims against Smith, the Connecticut Claims Commissioner who dismissed Moriarty's claims in September 2002, on the basis that Smith was entitled to absolute judicial immunity. We vacate the District Court's order in this respect, and we remand the cause with the instruction to the District Court that it engage in a more thorough absolute judicial immunity determination. In making such a determination, we instruct the District Court to look to *Butz v. Economou*, 438 U.S. 478 (1978); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); and their progeny to evaluate whether Smith is entitled to absolute judicial immunity according to at least six factors:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Cleavinger*, 474 U.S. at 202 (citing *Butz*, 438 U.S. at 512).

The District Court dismissed Moriarty's claims against Brooks and Strange on the grounds that Moriarty failed to allege that either had direct or personal involvement in the alleged deprivation of Moriarty's constitutional rights. With respect to the District Court's dismissal of Moriarty's claims against Strange, we affirm.

With respect to the District Court's dismissal—and refusal to allow leave to amend—of Moriarty's claims against Brooks, however, we instruct the District Court to grant leave to Moriarty to amend his complaint so that, if he so wishes, Moriarty might state valid claims against Brooks. We note that Moriarty, in his brief to this Court, specifically asked that he be allowed to file an amended complaint *without* claims against Brooks. *See* Appellant's Br. at 6.

Nevertheless, Moriarty, in that same brief, also alleged facts that might be sufficient for supervisor responsibility on the part of Brooks if alleged in an amended complaint. *Compare* Appellant's Br. at 2 ("Brooks . . . was told of lack of proper equipment . . . and . . . on his weekly tours of the housing unit . . . he was fully aware that empty (5) gallon buckets, chairs and overturned mop buckets were used as makeshift step ladders [of the sort from which Moriarty fell and injured himself]."), *with Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (holding that a supervisor may be held personally responsible for the deprivation of constitutional rights if, *inter alia*, the supervisor (a) is aware of the deprivation and fails to remedy it; or (b) created, or allowed to continue, a policy in which unconstitutional practices occurred).

Although we note Moriarty's professed desire to file an amended complaint without claims against Brooks, we note also that: (1) *pro se* complaints are to be given a liberal reading, *see, e.g., Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991); (2) this principle is to be "applied with particular strictness when [as here] the plaintiff complains of a civil rights violation," *id.*; and (3) Moriarty's brief on appeal suggests some confusion on his part and that he might be able—if given the opportunity—to state potentially valid claims against Brooks. Accordingly, we instruct the District Court to grant Moriarty leave to amend his complaint, in which Moriarty may file claims against Brooks, or anyone else—except Strange—he may allege was personally responsible for the alleged deprivation of his constitutionally protected liberty interests.

Accordingly, the order of the District Court is hereby **VACATED** in part, **REMANDED** in part, and **AFFIRMED** in part.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK