# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### AMENDED
## CIVIL RIGHTS COMPLAINT

FILED

2004 DEC 27  P 4: 29

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MICHAEL MORIARTY

REG. # 14634-014 ,
_____ Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use **et al.**)

v.

WARDEN LESLIE

BROOKS, (RETIRED)

OFFICIAL + INDIVIDUAL,

_____

COUN. CLAIMS COMM.

JAMES R. SMITH

OFFICIAL & INDIVIDUAL
_____ Defendant(s).
(Full name(s) and capacity, **e.g.**, official capacity, individual capacity,
or official and individual capacitites) (Do not use **et al.**)

**PRISONER**

Case No. 3: 03 CV 206 (W.W.E)
(To be supplied   (HBF)
by the court)

---

## A. PARTIES

1. MICHAEL MORIARTY ____ is a citizen of CONNECTICUT ____ who
   (Plaintiff)                                  (State)
presently resides at OTISVILLE F.C.I. P.O. Box 1000 OTISVILLE, N.Y 10963
                     (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 14634-014 .

2. Defendant LESLIE BROOKS ____ is a citizen of CONNECTICUT
              (name of first defendant)                   (State)

whose address is HOME ADDRESS UNKNOWN / WORK 100 BILTON RD. SOMERS, CT
                                                                    06071
and who is employed as RETIRED WARDEN .

*OSBORN CORRECTIONAL FACILITY*

(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __X__ Yes _____ No. If your answer is "Yes," briefly explain:

MR. BROOKS ~~WAS~~ WAS WARDEN AT OSBORN AT THE TIME OF

THE INCIDENT. THE ULTIMATE AUTHORITY FOR THE ENTIRE FACILITY.

3. Defendant __JAMES R. SMITH__ is a citizen of __CONNECTICUT__
   (name of second defendant)                                    (State)

whose address is __HOME ADDRESS / UNKNOWN    WORK ADDRESS 1830 TRINITY ST.__
                                                              HARTFORD, CT
and who is employed as __CONNECTICUT CLAIMS COMMISSIONER__.    06106
   (title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __X__ Yes _____ No. If your answer is "Yes," briefly explain:

MR. SMITH DISMISSED MY CLAIM EVEN THOUGH EVERY POSSIBLE

EFFORT WAS MADE AS AN INMATE CAN MAKE.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   _____    42 U.S.C. § 1983 (applies to state prisoners)

   __✗__    ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

2

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. ON 3-20-01 I WAS SERIOUSLY INJURED WHILE WORKING IN MY HOUSING UNIT J-BASEMENT AT OSBORN CORR. CENTER IN SOMERS CT. WHILE PREPARING UTILITY CLOSET FOR PAINTING, I WAS STANDING ON A PLASTIC 5 GALLON PAINT BUCKET AND THE BUCKET KICKED OUT FROM UNDER ME. MY LEFT THIGH IN THE REAR BECAME IMPALED ON A WATER SHUTOFF VALVE THAT WAS MISSING ITS HANDLE. I WAS RUSHED BY AMBULANCE TO U-CONN HOSPITAL AND GIVEN 37 SUTURES, 6 INTERNAL, 31 SURFACE. I FILED A CLAIM WITH THE CLAIMS COMMISSIONERS OFFICE AND BY NOT FOLLOWING ITS OWN MEMORANDUM SENT TO ME, THEY SUMMARILY DISMISSED MY CLAIM. THEIR MEO STATED, "I HAD UNTIL 9-30-02 TO REBUT A MOTION TO DISMISS BT CT. ATTORNEY GENERALS OFFICE" CLAIMS COMM. DISMISSED MY CASE ON 9-11-02.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I**:     I WAS NOT PROVIDED THE PROPER EQUIPMENT TO DO THE REQUESTED WORK. MY CASE

WAS DISMISSED BY THE CLAIMS COMMISSIONERS OFFICE 19 DAYS BEFORE THE

DEADLINE.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

FROM NOVEMBER OF 2000 UNTIL JUNE OF 2001 I WAS HOUSED AT OSBORN CORR. CENTER IN SOMERS CT. IN HOUSING UNIT (J-BASEMENT) MYSELF AND HENRY BETHEA WERE THE ACTING TIERMEN (PORTERS) UNDER THE AUTHORITY OF THEN WARDEN LESLIE BROOKS AND HOUSING UNIT OFFICER JOYCE MURPHY, ON MARCH 20, 2001, AS I WAS (PREPING) UTILITY CLOSET FOR PAINTING. I FELL FROM A FIVE GALLON PLASTIC BUCKET. I GOT MY LEFT REAR THIGH IMPALED ON A WATER SHUTOFF VALVE WITH A MISSING HANDLE. C/O MURPHY, LT. CAPELTON AND THE MEDICAL STAFF WERE ALERTED TO THE (CODE WHITE) MEDICAL EMERGENCY. I WAS TAKEN TO THE FACILITY HOSPITAL TO STABILIZE THE BLEEDING, THEN TRANSPORTED TO U-CONN. BY AMBULANCE. ONCE AT U-CONN. HOSPITAL I WAS GIVEN 37 SUTURES. THE CHIEF OF SURGERY EXAMINED ME AND TOLD ME "THAT MY FEMURAL ARTERY SCIATIC NERVE WERE NOT AFFECTED, BUT THERE WAS SOME LOCAL NERVE DAMAGE". UPON MY RETURN I WAS INFORMED THAT THE NEXT DAY I WOULD HAVE TO SEE LT. CAPELTON TO FILL OUT AN INCIDENT REPORT.

ON 1-30-02 I WAS TRANSFERRED INTO HARTFORD CORR. CENTER AND STARTED THE PROCESS OF FILING A CLAIM WITH CONNECTICUT CLAIMS COMMISSIONER'S OFFICE. I WAS INFORMED THAT THEIR OFFICE WAS MY ONLY RECOURSE FOR COMPENSATION. ( AS OUTLINED IN THE CONNECTICUT PRISONERS RIGHTS HANDBOOK)

(CONT NEXT PAGE)

3

D. CAUSE OF ACTION (CONTINUED)

I WAS GIVEN THE ADDRESS BY MY COUNSELOR (MR. DICKSON). I WROTE OUT THE CLAIM AND
TRIED TO GET THE PAPER WORK NOTARIZED. I RECEIVED SUCH A LACK OF COOPERATION THAT
I HAD TO FILE AN EMERGENCY GRIEVANCE ON 3-11-02 TO HARTFORD C.C.'S WARDEN MURPHY.
THIS WAS NOT RETURNED TO ME UNTIL 3-25-02. (EMERGENCY GRIEVANCES ARE TO BE ANSWERED
IN 8 HOURS).

ON 3-15-02 I SPOKE WITH LT. OLSTA AND EXPLAINED THAT I ONLY HAD 5 DAYS LEFT UNTIL MY CLAI
WOULD BE FORFIETED. HE GOT MY PAPERS NOTARIZED AND DELIVERED TO COUNSELOR DIXON WHO
WAS TO MAIL THEM CERTIFIED. THIS WAS NOT DONE! ON 3-19-02 MY PAPERS WERE POSTMARKED
AND SENT TO THE CLAIMS OFFICE. THE PAPERS WERE RETURNED BECAUSE THE ADDRESS WAS
OUTDATED FOR SO LONG THAT THE POST OFFICE WOULD NOT FORWARD THE LETTERS.

BY THE TIME EVERYTHING WAS STRAIGHTENED OUT THE CLAIMS OFFICE RECEIVED MY CLAIM
SIX WEEKS LATE AND COUNSELOR DIXON RETIRED.

MY CLAIM WAS PUT THROUGH THE PROCESS UNTIL THEIR LAWYER MR. HENRI ALEXANDRE FROM
THE STATES ATTORNEY GENERALS OFFICE FILED A MOTION TO DISMISS BECAUSE OF THE
TARDINESS OF THE FILING OF MY CLAIM.

CLAIMS COMMISSIONERS OFFICE SENT ME A NOTICE DATED 8-27-2002 THAT IF I DID NOT
FILE AN OPPOSITION MEMO BY 9-30-2002 THEIR MOTION WOULD BE GRANTED. ALTHOUGH I
DID SEND LETTERS TO BOTH MR. ALEXANDRE AND MR. SMITH'S OFFICE, MY CLAIM WAS
FORMALLY DISMISSED ON 9-11-02.

I SENT A FOLLOW UP LETTER ASKING FOR ~~HTE~~ THE CASE (I WAS DENIED) TO BE RECONSIDERED.
EVEN THOUGH I INFORMED MR. SMITH'S OFFICE THAT THEIR DISMISSAL WAS 19 DAYS AHEAD
OF THE DEADLINE THEY SET THEMSELVES. I EVEN TOLD THEM THAT I HAVE THE MEMO THEY
SENT ME. THEY STILL DENIED ME.

CLAIMS COMMISSIONERS OFFICE SHOULD HAVE RECOGNIZED THAT EVERY
POSSIBLE AVENUE ~~ABA~~ AVAILABLE TO ME WAS USED TO FILE MY
CLAIM IN A TIMELY MANNER, HAD IT NOT BEEN FOR HARTFORD
CORR. CEN. I WOULD NOT HAVE THIS PROBLEM NOW. PAPERS TO
DOCUMENT MY CASE ARE ATTACHED.

~~DURING~~

DURING THE PERIOD THAT WORK WAS BEING PREFORMED,
THERE WAS WEEKLY UNIT INSPECTIONS BY THE WARDEN AND
HIS SUBORDINATES (MAJORS ROSE, BRANDON, GILL, CAPT. MANGIAFICO)
WORK DETAIL WAS VIEWED BY STAFF, COMPLAINTS ABOUT LACK
OF ADEQUATE TOOLS + MATIERAL WAS VOICED TO MR BROOKS
AND HIS STAFF TO NO AVAIL

**Claim II**: _____

_____

_____

Supporting Facts:

**Claim III**: _____

_____

_____

Supporting Facts:

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? __X__Yes _____No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

Plaintiff(s): MICHAEL MORIARTY

Defendant(s): STEVEN STEIN & RICHARD NEUBOULD

b. Name and location of court and docket number BRIDGEPORT FED.#3:02CV1662 (RNC)

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
STILL PENDING

d. Issues raised: MEDICAL DEPT. FAILED TO ADMINISTER PROPER MEDICATIONS AND FAILED

TO FOLLOW PRESCRIBED TREATMENT PLAN.

e. Approximate date of filing lawsuit: 10-24-2002

f. Approximate date of disposition: UNKNOWN

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. __X__Yes _____No.

If your answer is "Yes," briefly describe how relief was sought and the results.

IN REGARDS TO FILING THE CLAIM BETWEEN THE DATES OF; 11-15-01 UNTIL 1-30-02 I WAS TRANSFERRED TO (4) DIFFERENT FACILTIES AND TRIED TO START THE PROCESS FORMALLY. EACH TIME I WAS MOVED BEFORE ANY REAL HEADWAY WAS MADE. ON 1-30-02 I GOT TO HARTFORD C.C. AND FROM THAT DATE UNTIL 3-15-02 I USED THE INMATE REQUEST SYSTEM EXTENSIVELY TO COUNSELOR JOHN DICKSON AND COUNSELOR SUPERVISOR SOTO, (WHO DOES THE ACTUAL NOTARIZING) WHEN THIS FAILED I PERSONALLY SPOKE WITH THEN WARDEN MURPHY AND FILED AN EMERGENCY GRIEVANCE. MY CLAIM WITH THE CLAIMS OFFICE WAS DISMISSED PREMATURELY AND WITHOUT PROPER EXAMINATION OF MY DOCUMENTS WHICH CLEARLY SHOWS THE MISHANDLING OF PAPERS BY THE CONN. DEPT. OF CORR.

5

3. I have exhausted available administrative remedies. __X__ Yes _____ No.
If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
If your answer is "No," briefly explain why administrative remedies were not exhausted.

```
(1). INMATE REQUEST SYSTEM
(2). GRIEVANCE PROGRAM
(3). VERBAL CONVERSATION WITH WARDEN.
(4). CONTINUED CONVERSATIONS WITH CLAIMS COMMISSIONERS OFFICE THROUGH WRITTEN
     CORRESPONDENCE.
```

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

If you are not incarcerated, go to section G.

a. Parties to previous lawsuit:      NONE

Plaintiff(s):_____

Defendant(s):_____

b. Name and location of court and docket number _____

c. Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit:_____

e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury? _____ Yes __X__ No.
If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

6

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Please describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

   If you are not incarcerated, go to section G.

 a.  Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

 b.  Name and location of court and docket number _____

 c.  Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

 d.  Approximate date of filing lawsuit:_____

 e.  Approximate date of disposition: _____

2.  Are you in imminent danger of serious physical injury?  ____ Yes  ✗ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

## G. REQUEST FOR RELIEF

I request the following relief:

1) _INJUNCTIVE_ - PLAINTIFF ASKS THE COURT TO ASSUME CLAIMS COMM. RESPONSIBILITY BECAUSE OF THE OBVIOUS PREJUDICE THAT HAS BEEN SHOWN TO HIM. ATTACHED DOCUMENTS PROVES OUT THAT IT WAS BEYOND THE PLAINTIFFS CONTROL AND THE DEPT OF CORRECTIONS HAMPERED HIS BEST EFFORTS. THE CLAIMS OFFICE IS WHERE I WAS TO SEEK COMPENSATION FOR 6 MY INJURIES, THEIR OFFICE WILLFULLY DISREGARDED MY MERITORIOUS CASE ARBITRARILY AND CAPRICIOUSLY.

2) COMPENSATORY DAMAGES - I SUFFERED ALOT OF PAIN AND I HAVE PERMANENT NERVE DAMAGE AS WELL AS SCARRING, I ASK FOR THE NOMINAL AMOUNT OF $100.00 a DAY FOR THE 60 DAYS IT TOOK TO RECUPERATE

3) PUNITIVE DAMAGES - I ASK FOR THE SAME $100.00 A DAY FOR 60 DAYS BECAUSE OF ANGUISH, FRUSTRATION EXPERIENCED AS A RESULT OF THE DEPT OF CORRECTIONS AND THE CLAIMS COMM. OFFICE WILLFULL DISREGARD OF THE "GOOD FAITH" ATTEMPTS MADE BY ME TO RESOLVE THIS MATTER BY THEIR RULES

4) PERMISSION TO SEEK LEGAL REDRESS AGAINST THE DEPT OF CORRECTIONS FOR NEGLIGENCE - MISSING HANDLE FOR "YEARS" BOTH BEFORE AND AFTER. JURY DEMAND ACCIDENT.

Do you wish to have a jury trial? Yes __XX__  No_____

_____
Original signature of attorney (if any)

_____
Plaintiff's Original Signature

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _Otisville F.C.I._ on _12/20/04_.
        (location)                      (date)

_____
Plaintiff's Original Signature

7

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

| Inmate name | Michael Moriarty | Inmate no. | 155264 |

Facility _Hartford C.C._    Housing unit _C 3/46_    Date _3-11-02_

☐ Line grievance  ☒ Line emergency  ☐ Health grievance  ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

   A number of requests were sent but never answered.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

   Since my arrival on 1/29/02 I have been trying to have a form notarized for the Claims Comm. Many requests were sent to both Counselor Dixon & counselor supervisor Soto. I only have nine days left before my claim is forfeited.

3. * Action requested. Describe what action you want taken to remedy the grievance.

   I need to have this form notarized and sent certified mail. — Thank You

Inmate signature _Michael Moriarty_

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. | 121-02-074 | T no. | |

Date received _3-12-02_   Disposition _Compromise_   Date of disposition _3-25-02_

Grievance issue _Notarize Paper_

Reasons _I understand this issue was resolved._

Level-1 reviewer _R.V. Murry Warden_   _36056_

FILE NO. 19316

MICHAEL MORIARTY,                          :    OFFICE OF THE CLAIMS
     CLAIMANT                                  COMMISSIONER

       V.                                 :
STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION                   :
     RESPONDENT                                AUGUST 22, 2002

## MOTION TO DISMISS

The Respondent State of Connecticut, Department of Correction moves to dismiss this matter in its entirety on the grounds that the claimant failed to comply with Conn. Gen. Stat. §4-148 in that this matter was brought beyond the one year statute of limitations.

RESPONDENT,
STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Henri Alexandre
Assistant Attorney General
Juris No. 85042
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450

FILE NO. 19316

MICHAEL MORIARTY,                    :        OFFICE OF THE CLAIMS
      CLAIMANT                                   COMMISSIONER

        V.                              :

STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION
      RESPONDENT                         :        AUGUST 22, 2002

## MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

### I. Introduction:

The Respondent, State of Connecticut, has requested that this case be dismissed because the Claims Commissioner lacks jurisdiction to hear a claim concerning the negligence of the Department of Correction because it is time barred, in that the claim was filed more than one year after it accrued.

On May 3, 2002, the claimant filed a Notice of Claim with the Claims Commissioner. There he alleged that on March 20, 2001, he sustained an injury when he fell off a 5 gallon bucket. He alleges that he was assigned to a work detail which was painting a utility closet. He alleges that he stood on the bucket while prepping the walls. He alleges that he slipped off the bucket and fell into a water shut off valve with a missing handle. He alleges that he impaled his leg on the valve, ripping a large V shaped gash into the rear of his left thigh. He further alleges that had the Department of Correction provided a step ladder, he would not have used the bucket and would not have sustained an injury. He alleges that the Department of Correction was negligent. He seeks damages in the amount of $5,000.00 and permission to sue the State.

## II.  Argument:

Conn. Gen. Stat. §4-148(a) requires that a claim such as this must have been filed within one year from the date of when it accrued.  According to the Notice of Claim, the alleged incident occurred on March 20, 2001.  Therefore, this claim should have been filed before March 20, 2002.  When it was filed on May 3, 2002, it was more than 6 weeks late. Therefore, the Claims Commissioner lacks subject matter jurisdiction to hear this claim because it is time barred.

## III.  Conclusion:

For all the foregoing reasons this claim must be dismissed.

RESPONDENT
STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Henri Alexandre
Assistant Attorney General
Juris No. 85042
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450

## ORDER

The foregoing motion having been heard, it is hereby ORDERED: GRANTED / DENIED

By the Claims Commissioner,

_____
Assistant Clerk

## CERTIFICATION

I hereby certify that a copy hereof was mailed this 22nd day of August, 2002, first class postage prepaid, to all counsel and/or pro se parties of record, in accordance with Connecticut Practice Book §10-12.

Michael Moriarty #155269
Hartford Correctional Center
177 Weston Street
Hartford, CT   06120

Henri Alexandre
Assistant Attorney General

## CERTIFICATION

I hereby certify that a copy hereof was mailed this 22nd day of August, 2002, first

class postage prepaid, to all counsel and/or pro se parties of record, in accordance with

Connecticut Practice Book §10-12.

Michael Moriarty, #155269
Hartford Correctional Center
177 Weston Street
Hartford, CT   06120

Henri Alexandre
Assistant Attorney General

JAMES R. SMITH
COMMISSIONER



18-20 Trinity Street
Hartford, CT 06106
Telephone (860) 566-2024
Facsimile (860) 566-3406

**STATE OF CONNECTICUT**
Office of Claims Commissioner

August 27, 2002

Michael Moriarty, #155269
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

**RE:  Claim of Michael Moriarty, File No., 19316**

Dear Mr. Moriarty:

The Commissioner is considering the respondent's August 22, 2002 Motion to Dismiss.
If a memorandum in opposition is not filed by September 30, 2002, the Motion will be
granted.

Very truly yours,

Deborah A. Kerr
Paralegal Specialist

cc:    Henri Alexandre
       Assistant Attorney General

*An Equal Opportunity Employer*

OFFICE OF THE CLAIMS COMMISSIONER
18-20 Trinity Street, Hartford CT 06106

MICHAEL MORIARTY       :       FILE NO. 19316

      v.       :
      :

STATE OF CONNECTICUT       :       SEPTEMBER 11, 2002

## ORDER

The above captioned matter was filed beyond the one year Statute of Limitations

(CGS 4-148) and therefore is dismissed from the docket of the Commissioner of Claims

for lack of jurisdiction.

BY ORDER OF THE COMMISSIONER

JAMES R. SMITH

cc:    Henri Alexandre
      Assistant Attorney General

*Answered
10-28-02
Claims Office &
Attorney Generals*

10/28/02

Dear Sirs;

I am in reciept of your correspondence dated 10/22/02 dismissing my claim for late filing of claim. #. 19316

First, I would like to point out that your letter to me dated 8/27/02 instructs me to file a memorandum by 9/30/02. Second, your office, as well as the attorney generals office, recieved from me copies of documents showing the D.O.C.'s responsibilities for the tardiness of my claim. These copies were sent out well within the time-frame of 9-30-02

Third, the commisioner ordered my case dismissed on 9-11-02 a full nineteen days before the deadline set by your own office.

Since I sent my memorandum within the set of the deadline, I would like my claim re-opened and a hearing scheduled. It was out of my control to move the Dept of Corrections to make sure my claim was filed on time.

Between 11/16/01 and 3/20/02 I was in four different facilities and to get legal work copied, not.

and sent out certified mail, at times, can seem to be quite a daunting task.

I ask for the claim to be re-opened out of a sense of fairness and what is legally the right thing to do. I have made every honest effort to follow the guidelines and I ask that my request be granted.

Sincerely,
Michael Moriarty
# 14634 - D-8
Wyatt Detention Facility
950 High Street
Central Falls, R.I.
02863 - 1566

11/6/02 Request to Reopen denied. (#1936)
Nanci Mae Gmirski
Chief Clerk



MORIARTY # 155269
INJURED LEFT LEG,
3.20.01 C5 CARLSTON 10⁵⁰ AM



WATER TAP IN J-BASE
CLOSET.
3-20-01 Lt CAPLESON 10⁵⁰ AM