FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 JUN -6  P 12: 50

U.S. DISTRICT COURT
BRIDGEPORT CONN.

| | | |
|---|---|---|
| MICHAEL MORIARTY | : | PRISONER<br>No. 3:03CV206 (WWE)(HBF) |
| v. | : | |
| WARDEN BROOKS, et al. | : | JUNE 3, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The defendant, Claims Commissioner James R. Smith, by and through his undersigned counsel and pursuant to Rule 12(b)(1), (4), (5) and (6) of the Federal Rules of Civil Procedure moves to dismiss the complaint in the above captioned case.

### I. BACKGROUND

This inmate action is before the District Court on remand by the Court of Appeals to apply the following test to the Defendant Claims Commissioner's Rule 12(b) motion on grounds of absolute immunity under Butz v. Economou, 438 U.S. 478 (1978); Cleavinger v. Saxner, 474 U.S. 193 (1985); and their progeny. The Court of Appeals instructed this court to analyze six factors in determining absolute immunity:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the

**ORAL ARGUMENT NOT REQUESTED**

> importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

Cleavinger, 474 U.S. at 202 (citing Butz, 438 U.S. at 512).

Summary Order at 2.

## II. LAW

### A. The Claims Commissioner of the State of Connecticut Is Entitled To Absolute Immunity Under Butz and Cleavinger.

The Claims Commissioner, whom the plaintiff has named as a defendant in his individual capacity as well as in his official capacity, is entitled to absolute immunity from suit. The plaintiff does not allege that the Claims Commissioner performed acts that were wholly unauthorized or completely outside his jurisdiction; the plaintiff plaintiff alleges only that the Claims Commissioner exercised his statutory authority improperly. Government officials such as judges and prosecutors are immune from civil suit "for malice or corruption in their action . . . [while] exercising their judicial functions within the general scope of their jurisdiction." Butz v. Economou, 438 U.S. 478, 509 (1978) quoting Bradley v. Fisher, 13 Wall. 335, 354 (1872). See also Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985); Tucker v. Outwater, 118 F.3d 930 (2nd Cir. 1997).

Absolute immunity has been extended to administrative personnel, like the Claims Commissioner, who perform quasi-judicial functions. This circuit has extended absolute immunity to governmental judicial officals which have safeguards in place to, "minimize the risks that unreasonable official action will occur or, if it occurs, go uncorrected." Dorman v. Higgins, 821 F.2d 133, 136 (2nd Cir. 1987). See also Young v.

2

Selsky, 41 F.3d 47, 51 (2nd Cir. 1994). The Claims Commissioner, like a Connecticut superior court judge, is appointed by the Governor for a fixed term, and his appointment requires the advice and consent of legislature. Conn. Gen. Stat. § 4-142a(a). The Claims Commissioner acts independently; his Office is within the Office of the Comptroller for administrative purposes only. Conn. Gen. Stat. § 4-142a(b). Both the State and the claimant may be represented by counsel in proceedings before the Claims Commissioner. Conn. Gen. Stat. § 4-149, Reg. Conn. Agencies § 4-157-7 (Attachment A to Affidavit of Nancy Gminski.) Hearings are adversarial, and both parties, as well as the Claims Commissioner, may introduce documentary evidence and may call witnesses to be examined and cross-examined. Conn. Gen. Stat. § 4-151; Reg. Con. Agencies § 4-157-10 through 4-157-17 (Attachment A to Affidavit of Nancy Gminski.) A record of each claim must be maintained, Conn. Gen. Stat. § 4-153, and each hearing is taped for stenographic transcription. Reg. Conn. Agencies § 4-157-11. The Claims Commissioner must find facts and apply principles of law to determine whether to grant or deny a claim, or whether to authorize a claimant to sue the State. Finally, all of the Claims Commissioner's decisions regarding claims greater than $7,500 are subject to review by the General Assembly. Conn. Gen. Stat. § 4-158, 4-159.

As the foregoing discussion demonstrates, the Claims Commissioner functions in a quasi-judicial capacity and confronts the same risks of intimidation and harassment that face a judge. Furthermore, the statutory framework within which the Claims Commissioner operates prevents him from committing unchecked abuses, just as the

3

judicial system limits a judge's ability to engage in uncurbed behavior. For these reasons, the Claims Commissioner should be accorded absolute immunity. See <u>Gyadu v. Workers Compensation Commission</u>, 930 F. Supp. 738, 748-9 (D.Conn. 1996). (Workers' Compensation Commissioner, in his individual capacity, is entitled to absolute immunity from § 1983 action based on his rulings and his decision whether to hold a hearing.)

Lately, this court has previously applied absolute judicial immunity to the Claims Commissioner. <u>Reed v. State</u>, Case No.: 3:98CV517(JBA)(JGM). Attached. "In light of these similarities to actions performed by judges, this court concludes that the doctrine of absolute judicial immunity is available to the Claims Commissioner." <u>Id.</u>, at 6.

**B.     Qualified Immunity**

Even if the Claims Commissioner were not entitled to absolute immunity, this suit would still be barred, because the defendant is entitled to qualified immunity for his alleged actions. The defense of qualified immunity shields government agents "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>McEvoy v. Spencer</u>, 124 F.3d 92, 97 (2nd Cir. 1997) <u>quoting</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396(1982). Qualified immunity protects "all [government officials] but the plainly incompetent or those who knowingly violate the law," <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986). <u>See also</u> <u>Mitchell v.</u>

4

Forsyth, 472 U.S. 511, 528 (1985) (Government officials are immune from suit unless "the law clearly proscribed the[ir] actions.")

An allegation that a government official violated an abstract right, such as the right to due process of law, is insufficient to defeat the official's qualified immunity. Anderson v. Creighton, 483 U.S. 635, 639-40 (1987)

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [I]n the light of pre-existing law the unlawfulness must be apparent.

Id., at 640. Consequently, "[a] defendant pleading qualified immunity on a motion to dismiss is entitled to prevail if the allegations in the complaint fail to state a claim of violation of clearly established law." McEvoy v. Spencer, 124 F.3d 92, 97 (2nd Cir. 1997) citing Behrens v. Pelletier, 516 U.S. 299 (1996).

In this case, the allegations of the complaint are insufficient to overcome the qualified immunity defense, because they do not assert a violation of clearly established law. The plaintiff alleges that the defendant, Claims Commissioner, dismissed his claim before he had an opportunity to reply to the state's motion to dismiss. Complaint ¶ 4. The plaintiff however requested that the Claims Commissioner reconsider the dismissal of his late claim which the Commissioner did. Nonetheless, the Commissioner determined that Mr. Moriarty's claim was time barred, i.e., filed more than one year from the incident or injury complained of. Complaint ¶ 4.

The essence of plaintiff's action against the Claims Commissioner is an adjudicative one: that he should not have dismissed his claim as untimely because it was the fault of the Hartford Correctional Center. Id. Plaintiff's claim pertains to both a state statute, imposing a burden on a claimant to file a notice of claim within one year, and the exercise of discretion which is within the province of the Claims Commissioner's adjudicative function. Conn. Gen. Stat. § 4-151. Therefore, this is precisely a matter protected by qualified immunity. The complaint against the Claims Commissioner should be dismissed on this ground as well.

C.  **The Court Lacks Subject Matter Jurisdiction Over this Action**

   1. **The Plaintiff's Suit Against the Defendant in His Official Capacity is Barred By the Eleventh Amendment of the United States Constitution and the Sovereign Immunity of the State of Connecticut**

The United States Supreme Court has repeatedly emphasized that the sovereign immunity of the individual states places a constitutional limitation on the jurisdiction of the federal judiciary. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 50 (1996); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984). That limitation was explicitly incorporated into the United States Constitution by the passage of the Eleventh Amendment, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Eleventh Amendment functions as a "withdrawal of jurisdiction [that] effectively confers an immunity from suit. . . . Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'". Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993), quoting Welch v. Texas Department of Highways and Public Transportation, 483 U.S. 468, 480 (1987). That amendment precludes federal lawsuits against state officials because "a suit against a state official in his or her official capacity is not a suit against the officials but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) citing Brandon v. Hold, 469 U.S. 464, 471 (1985) and Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The only form of relief which a federal court can order against a state official sued in his official capacity is prospective injunctive relief designed to prevent a continuing violation of federal law. Green v. Mansour, 474 U.S. 64, 68 (1985) citing Ex parte Young, 209 U.S. 123 (1908), and Edelman v. Jordan, 415 U.S. 651, 668 (1974). Because "compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment," neither monetary relief nor declaratory relief for past illegalities may be granted. Green v. Mansour, 474 U.S. 68. Thus, the Eleventh Amendment conclusively bars an action for damages, like this one, brought in federal court against a state officer sued officially. Kentucky v. Graham, 473 U.S. 159, 169 (1985); Minotti v. Lensink, 798 F.2d 607, 609 (2d Cir. 1986).

In this case, prospective declaratory or injunctive relief against the defendant in his official capacity is also unavailable, because the granting of such relief would not

vindicate a federal interest. This case revolves entirely around Connecticut's own internal administrative mechanism for waiving its sovereign immunity. Conn. Gen. Stat. § 4-160. The plaintiff's allegations relate exclusively to the statutory procedures that the state has devised to adjudicate monetary claims against it. Conn. Gen. Stat. § 4-141, et seq. In <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89 (1984), the United States Supreme Court held that the Eleventh Amendment bars federal courts from granting prospective relief intended to prevent a state officer from violating state law. The Court reasoned that when a state official is sued in federal court for violating federal law, it is necessary for the federal court to weigh the supremacy of federal law against the constitutional immunity of the States. The Court concluded, however, that such balancing is entirely inappropriate when only state law claims are at issue. The Court asserted:

> This need to reconcile competing interests is wholly absent, however, when a plaintiff alleges that a state official has violated <u>state</u> law. . . . A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

<u>Id.</u> at 106 (emphasis in original).

In this instance, the plaintiff has asked this Court to interpret and enforce the specific state statutes that the State of Connecticut employs to determine, on a case-by-case basis, whether to relinquish its sovereign immunity. Conn. Gen. Stat. § 4-160. A

8

federal court's intervention in that process would puncture the very heart of the state's sovereignty and would directly contravene the fundamental purpose of the Eleventh Amendment.

### 2. The Judicial Power of the Federal Courts Does Not Extend to This Action

#### a. This Court Lacks Jurisdiction to Review the Administrative Decisions of the Claims Commissioner

Because the Claims Commissioner has already ruled on all of the plaintiffs' claims against the State, this Court will be engaging in appellate-style review of the Commissioner's decisions if it proceeds to reexamine any of those determinations. Such review is impermissible, because the jurisdiction of federal courts does not extend to appellate review of state administrative decisions. It is well established that "the federal courts are courts of limited jurisdiction, empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." W. G. v. Senatore, 18 F. 3d 60, 64 (2nd Cir. 1994) citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-80 (1803). Indeed, even Connecticut's own courts are prohibited from reviewing decisions of the Claims Commissioner, because Connecticut law dictates that such review shall be performed exclusively by the state legislature. Conn. Gen. Stat. § 4-158(b), 4-159. Circle Lanes of Fairfield, Inc. v. Fay, 195 Conn. 534, 591 (1985) ("The commissioner of claims performs a legislative function reviewable only by the General Assembly"); Cooper v. Delta Chi Housing Corp. of Connecticut, 41 Conn. App. 61, 64 (1996).

## III. <u>CONCLUSION</u>

The instant action against the Claims Commissioner should be dismissed based on his absolute judicial immunity from suit, qualified immunity and lack of subject matter jurisdiction.

        DEFENDANT
        CLAIMS COMMISSIONER
        JAMES R. SMITH

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        William J. McCullough
        Assistant Attorney General

        BY: _/s/ Thomas P. Clifford III_
        Thomas P. Clifford, III
        Assistant Attorney General
        55 Elm Street
        Hartford, CT  06106
        Tel.: (860) 808-5050
        Fax: (860) 808-5388
        E-Mail: thomas.clifford@po.state.ct.us
        Federal Bar #ct06241

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of June 2005:

Michael Moriarty, No. 14634-014
F.C.I. Schuylkill, Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

Robert F. Vacchelli
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT  06105

_____
Thomas P. Clifford, III
Assistant Attorney General

11

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LOUIS L. REED

v.   Case No.  3:98CV517 (JBA)(JGM)

STATE OF CONNECTICUT
COMMISSIONER OF CLAIMS, et al.[1]

### RULING AND ORDER

The plaintiff, Louis Reed ("Reed"), currently an inmate at the Enfield Correctional Institution, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The remaining defendants are Claims Commissioner Smith and Dr. Blanchette. Reed alleges that defendant Smith has ignored claims he has filed against the State of Connecticut and defendant Blanchette has been deliberately indifferent to his serious medical needs. Pending is a motion to dismiss filed by defendant Smith only. For the reasons that follow, the motion is granted.

### Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318,

---

[1] In the original and first amended complaints, Reed named as defendants the State of Connecticut, the Claims Commissioner in his official capacity and Dr. Blanchette in his official capacity. In the second amended complaint, filed December 8, 2000, Reed has dropped the State of Connecticut as a defendant. He names Claims Commissioner Smith and Dr. Blanchette in their individual and official capacities. In addition, Reed sought, but was denied, permission to add the New Haven County Sheriff's Department as a defendant. (See Doc. #26.)

321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

### Facts

Keeping this standard in mind, the court accepts as true the following allegations relating to defendant Smith taken from the second amended complaint.

Reed was injured while being removed from the transport van upon his return to the New Haven Correctional Center from state court. His injuries were not treated properly by Department of Correction medical staff.

Reed states that Claims Commissioner Smith has ignored his claims against the State of Connecticut to prevent him from seeking compensation against the state. In another section of the second amended complaint, Reed alleges that defendant Smith intentionally denied his claim because he was seeking damages from the Department of Correction and defendant Blanchette.

2

Discussion

Defendant Smith asserts three grounds in support of his motion to dismiss: the Eleventh Amendment bars Reed's claims against Smith in his official capacity, the court lacks subject matter jurisdiction over the claims and Smith is protected by absolute judicial immunity from suit against him in his individual capacity.

I.   Subject Matter Jurisdiction

Defendant Smith first states that Reed has no currently pending claim against the Department of Correction and contends that the court lacks subject matter jurisdiction to entertain this action.

Federal courts are courts of limited jurisdiction. Thus, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). When the court considers the issue of subject matter jurisdiction, it may consider the allegations made in the complaint as well as extrinsic evidence outside of the pleadings. See United States v. Vazquez, 145 F.3d 74, 80 (2d Cir.1998) (pursuant to Rule 12(b)(1), court permitted to look beyond the pleadings in order to resolve factual disputes regarding subject matter jurisdiction); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir.1997) ("[t]he case law does not limit our right to refer to any material in the record.").

Article III of the United States Constitution provides that the federal courts have jurisdiction only over cases or controversies. When the parties no longer have an interest in the outcome of the case, the case is moot and the court lacks jurisdiction to entertain it. See Muhammad v. City of New York Dep't of Corrections, 126 F.3d 119, 122-23 (2d Cir. 1997).

Here, defendant Smith provides an affidavit from the Chief Clerk of the Office of the Claims Commissioner stating that Reed has no cases currently pending before the Claims Commissioner. In response to the motion to dismiss, Reed has identified no currently pending case. Because there is no pending case before the Claims Commissioner, any claim that defendant Smith is ignoring his case is now moot. Thus, this court lacks jurisdiction to entertain any claim that defendant Smith is ignoring a currently pending claim.

II.     Eleventh Amendment

Defendant Smith next argues that the Eleventh Amendment precludes any claim for damages against him in his official capacity. This court agrees.

The Eleventh Amendment protects the state from suits for monetary relief. This immunity also protects state officials sued for damages in their official capacity. See Alden v. Maine, 527 U.S. 706, 756 (1999) ("Some suits against state officers are barred by the rule that sovereign immunity is not limited to suits which name the State as a party if the suits are, in fact, against the State."). A suit against a defendant in his official capacity is ultimately a suit against the state because any recovery would be expended from the public treasury. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979).

Although Reed seeks injunctive relief in his second amended complaint, the injunctive relief concerns the Department of Correction. Thus, even if the court were ultimately to award injunctive relief, the relief would be provided by defendant Blanchette, not by defendant Smith. The only relief sought from defendant Smith is damages. Any claim for damages against defendant Smith in his official capacity is not cognizable. Thus, defendant Smith's motion to

4

dismiss is granted as to all claims for damages against him in his official capacity.

III.     Judicial Immunity

Finally, defendant Smith argues that he is protected by absolute judicial immunity from all claims for damages against him in his individual capacity.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "The absolute immunity of a judge applies '"however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872))). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11 (citations omitted).

Judicial immunity has been extended to administrative personnel performing quasi-judicial functions. See Butz v. Economou, 438 U.S. 478, 512-13 (1978). The Court noted that the functions performed by a federal hearing examiner or administrative law judge were often comparable to those exercised by a judge and that the process of agency adjudication was structured so as to ensure independent decision-making based upon the evidence presented. See id. at 513.

Here, defendant Smith is the Claims Commissioner for the State of Connecticut. By statute, the Claims Commissioner is charged with determining whether the state should pay claims brought against it for monetary damages and whether suit against the state should be authorized.

See Conn. Gen. Stat. §§ 4-141, 4-142, 4-154, 4-160; <u>Hirschfeld v. Commission on Claims</u>, 172 Conn. 603, 604-05 (1977) ("In implementing article eleventh, § 4, of our state constitution, the legislature has established a tribunal, the claims commissioner, for the adjudication of claims against the state where monetary relief is sought."). Connecticut General Statutes § 4-142 governs the jurisdiction of the Claims Commissioner. The statute provides in pertinent part: "[t]here shall be a Claims Commissioner who shall hear and determine all claims against the state except . . . (2) claims upon which suit is otherwise authorized by law including suits to recover similar relief arising from the same set of facts . . . ." Conn. Gen. Stat. § 4-142(2) Subsequent sections provide that both the state and the claimant may be represented by counsel, records of the claims are maintained and the hearings are tape-recorded. <u>See</u> Conn. Gen. Stat. §§ 4-151, 4-153 and Reg. Con. Agencies § 4-157-11. The Claims Commissioner finds facts and applies the applicable legal principles to determine whether to grant claims or authorize suit against the state. <u>See</u> Conn. Gen. Stat. §§ 4-141, 4-154, 4-160. For claims in excess of $7,500, the Commissioner's decision may be appealed to the Connecticut legislature. <u>See</u> Conn. Gen. Stat. §§ 4-158, 4-159. In light of these similarities to actions performed by judges, this court concludes that the doctrine of absolute judicial immunity is available to the Claims Commissioner.

Reed alleges that defendant Smith denied him relief because his case was against the Department of Correction and defendant Blanchette. Reed has not alleged any facts suggesting that defendant Smith was not acting in a judicial capacity. "Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge." <u>Badillo-Santiago v. Andreu-Garcia</u>, 70 F. Supp. 2d 84, 91 (D.P.R. 1999). Even if the action is determined to be erroneous or malicious, the judge

6

is not stripped of immunity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Because Reed has alleged only actions taken in defendant Smith's judicial capacity, defendant Smith is protected from a section 1983 action for damages by absolute judicial immunity. Accordingly, the motion to dismiss is granted as to all claims against defendant Smith in his individual capacity as well.

## Conclusion

Defendant Smith's Motion to Dismiss [doc. #36] is GRANTED. This case will proceed only as to the claims against defendant Blanchette in his individual and official capacities.

SO ORDERED this 24th day of September, 2001, at New Haven, Connecticut.

_____
Janet Bond Arterton
United States District Judge