

FILED

**UNITED STATES DISTRICT COURT** 2005 JUN -6 P 12: 50
**DISTRICT OF CONNECTICUT**

U.S. DISTRICT COURT

|                          |   | PRISONER                       |
|--------------------------|---|--------------------------------|
| MICHAEL MORIARTY         | : | No. 3:03CV206 (WWE)(HBF)       |
| v.                       | : |                                |
| WARDEN BROOKS, et al.    | : | JUNE 1, 2005                   |

### AFFIDAVIT OF NANCI GMINSKI

I, Nanci Gminski, having been duly sworn, do depose and say:

1.     I am over the age of eighteen years, and I understand the obligations of an oath

2.     I am the Chief Clerk of the Office of the Claims Commissioner.

3.     I attest that the documents itemized below and attached hereto are true and accurate copies of those contained in the files of this agency:

A.    Regulations of Connecticut State Agencies, Sections 4-157-1 through 4-157-17 (4 pp.)

B.    Claim of Michael Moriarty, File No. 19316, (March 12, 2002) (7 pp.).

C.    Motion to Dismiss, Claim of Michael Moriarty, File No. 19316 (August 22, 2002).

D.    Memorandum of Decision, Claim of Michael Moriarty, File No. 19316 (September 11, 2002).

E.    Denial of Motion to Reopen, File No. 19316 (November 6, 2002).

4.     I have thoroughly searched the files of this agency, and I have determined that, as of this date, Michael Moriarty has no claims pending before the Claims Commissioner.

All of the foregoing is true to the best of my personal knowledge.


_Nanci Gminski_
Nanci Gminski


Subscribed and sworn before me this 1st day of June, 2005.


~~Notary Public~~ / Commissioner of the
Superior Court


2



## TABLE OF CONTENTS

## Rules of Procedure

Notice of claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 1

Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 2

Filing of claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 3

Amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 4

Motions prior to hearing . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 5

Pre-hearing conference . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 6

Requirements for practice before the claims commissioner . . . . . . . 4-157- 7

Filing appearances . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 8

Notice of hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157- 9

Powers and duties of the claims commissioner . . . . . . . . . . . . . 4-157-10

Motions and objections at hearings . . . . . . . . . . . . . . . . . . . . 4-157-11

Joinder of proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157-12

Stipulations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-157-13

Rights of parties at hearings . . . . . . . . . . . . . . . . . . . . . . . 4-157-14

Continuation of hearings . . . . . . . . . . . . . . . . . . . . . . . . . 4-157-15

Oral arguments and briefs . . . . . . . . . . . . . . . . . . . . . . . . . 4-157-16

Evidence in contested claims . . . . . . . . . . . . . . . . . . . . . . . 4-157-17


## Rules of Procedure



### Sec. 4-157-1.   Notice of claims

All notices of claims shall be filed with the clerk and contain the information prescribed in section 4-147 of the General Statutes.

(Effective November 11, 1969)

### Sec. 4-157-2.   Hearings

All hearings shall be conducted in accordance with the procedural rules prescribed in section 4-151 of the General Statutes.

(Effective November 11, 1969)

### Sec. 4-157-3.   Filing of claims

(a) Claims of less than $750.00 must be accompanied by a statement concerning insurance coverage and an affidavit or supporting copy of policy which would indicate amount and types of coverage.

(b) The claims commissioner shall deny any claim not filed in a timely fashion without the need of filing of special defenses by the attorney general.

(Effective November 20, 1981)

### Sec. 4-157-4.   Amendments

The notice of complaint may be amended as a matter of right within ninety (90) days of the filing of the notice with the office of the claims commissioner except that an extension beyond ninety (90) days may be granted upon request made at the time of the filing of the notice of claim. Such request must set forth the reasons why it is anticipated that an extension of time beyond the ninety (90) days is required.

(Effective November 20, 1981)

### Sec. 4-157-5.   Motions prior to hearing

Prior to the hearing on the merits, appropriate motions, including motions concerning discovery, inspection and disclosure of books, papers, records or documents, may be filed by the claimant or the attorney general and unless the parties request oral argument or testimony in conjunction with the motion, the claims commissioner shall decide the motion upon the written presentation. The claimant and the attorney general may submit memoranda in support of their respective positions.

(Effective November 20, 1981)

### Sec. 4-157-6.   Pre-hearing conference

Either party may request a pre-hearing conference and such request shall contain the reasons for such request. The commissioner may order a pre-hearing conference and as a result of the conference may issue orders in aid of the proceedings.

(Effective November 20, 1981)

### Sec. 4-157-7.   Requirements for practice before the claims commissioner

All claims against the state of Connecticut are defended by the office of the attorney general. A claimant need not be represented by an attorney. No person shall be permitted to represent a claimant except attorneys admitted to practice law before the courts of the state of Connecticut and who are in good standing before those courts. Student interns with the counsel of the claimant or the attorney general's office may be permitted to appear before the claims commissioner in any



hearing or motion before the claims commissioner, but his representation must be accompanied by an attorney duly authorized and qualified.

(Effective November 20, 1981)

### Sec. 4-157-8.   Filing appearances

All attorneys representing clients before the state shall state their name, address, telephone number and juris number. Attorneys shall file their written appearance by filing the superior court apprearance form, in use at that time, or facsimilie in the office of the claims commissioner. Any substitute counsel shall file his appearance in the same manner and require of the claimant a statement that he has discharged his prior attorney.

(Effective November 20, 1981)

### Sec. 4-157-9.   Notice of hearing

The notice of hearing shall state the time and place of hearing which shall be not less than fourteen (14) days from the date of the notice. Notice of the hearing shall be given to the claimant and the attorney general.

(Effective November 20, 1981)

### Sec. 4-157-10.   Powers and duties of the claims commissioner

The claims commissioner shall have full authority to control the procedure of a hearing; to admit or exclude testimony or other evidence; and to rule upon all motions and objections. He shall make full inquiry into all facts at issue and shall obtain a full and complete record of all facts necessary for a fair determination of the issues. The claims commissioner may call and examine witnesses, direct the production of papers and documents and introduce the same into the record of the proceedings.



(Effective November 20, 1981)

### Sec. 4-157-11.   Motions and objections at hearings

Motions made during a hearing and objections with respect to the conduct of a hearing, including objections to the introduction of evidence, shall be stated orally and shall, with the ruling of the commissioner be included in the stenographic report of the hearing.  -

(Effective November 20, 1981)

### Sec. 4-157-12.   Joinder of proceedings

Two or more proceedings may be heard together by the commissioner in his discretion.

(Effective November 20, 1981)

### Sec. 4-157-13.   Stipulations

Stipulations with regard to matters and issues made with the consent of the commissioner may be introduced in evidence.

(Effective November 20, 1981)

### Sec. 4-157-14.   Rights of parties at hearings

All parties to a hearing may call, examine and cross-examine witnesses and introduce papers, documents and other evidence into the record of the proceedings subject to the ruling of the commissioner.



(Effective November 20, 1981)

Claims Commissioner



## Sec. 4-157-15.  Continuation of hearings

The commissioner may continue a hearing from day to day or adjourn it to a later date or to a different place by announcement thereof at the hearing or by appropriate notice.
(Effective November 20, 1981)

## Sec. 4-157-16.  Oral arguments and briefs

The commissioner shall permit the parties to submit oral arguments before him and to file briefs within such time limits as the commissioner may determine.
(Effective November 20, 1981)

## Sec. 4-157-17.  Evidence in contested claims

In contested claims
(a) any oral or documentary evidence may be received, but the commissioner shall, as a matter of policy, exclude irrelevant, immaterial or unduly repetitious evidence. The commissioner shall give effect to the rules of privilege recognized by the law. Subject to these requirements, when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form;
(b) documentary evidence may be received in the form of copies or excerpts, if the original is not readily available. Upon requests, parties shall be given an opportunity to compare the copy with the original;
(c) a party may conduct cross-examinations required for a full and true disclosure of the facts;
(d) notice may be taken of judicially cognizable facts.
(Effective November 20, 1981)

RE NO. 1936

Conn. Claims Comm
80 Washington St.
Hartford, Ct 06106

3/12/02

Dear Sirs:
 I am an inmate currently housed at Hartford Corr. Center.
 I am filing a claim with your office in regards to a serious injury I sustained while working in Osborn Corr Inst. at Somers, Ct.
 The incident took place Tuesday March 20TH 2001 approximately 9:45 AM in my housing unit (J-Basement). I was painting most of the unit and my next area was the dayroom, but an inmate Fernando Ayala was starting a lettering project, and I had to start painting the c/o's utility closet instead.
 While prepping out the walls etc. I stood on a 5 gal bucket and slipped falling onto a water shut off valve with its handle missing. This valve was impaled in my leg and ripped a large vee shaped gash on the rear of my left thigh. C/o Joyce Murphy heard the bucket crash and came to see what had happened. She called

in a code white and the medical staff arrived and brought me to the infirmary. An ambulance was called, the wound stabilized and I was brought to U. Conn. hospital.

The surgery dept. was called down and a Dr. Giles examined my leg. Two areas of concern were a my. major artery and my sciatic nerve both left un-damaged. One of his associates closed my leg up using 6 inside sutures and 37 surface stitches.

I was returned to Osborn and given crutches to use while recuperating. All the nerves in the ones immediate are were severed and permanently damaged as well as a small amount of the hamstring muscle.

I remained on sick cell status for the next six weeks. During this time I was having bandages changed regularly and heat pack treatments for the muscle tear.

After ten days I was to go back to U. Conn to see Dr. Giles but Osborn staff said, "there would be a week

delay and they could take the stitches out." The next day March 31st one side of the wound re-opened, but again the staff said, "it was fine." The next day April 1st medical had to use Steri-Strips on the wound because granulation had started. Now the scar is bigger than it had to be.

If we had been given stepladders this would not have happened. If the valve had its handle on it this would not have happened.

I am now asking your office for settlement in the amount of Five-Thousand Dollars for pain & suffering. I do not want to take the time to drag this out in court.

You can get all the paperwork from the staff at Osborn

Michael Moriarty
155264    C3/46
Hartford Corr. Center
177 Weston St.
Hartford, Ct 06120

RECEIVED
MAY 3 2002

STATE OF CONNECTICUT
OFFICE OF THE CLAIMS COMMISSIONER

File No._____

_Michael Moriarty_
Claimant

APPLICATION FOR
WAIVER OF FILING
FEE AND AFFIDAVIT

v.

STATE OF CONNECTICUT
DEPARTMENT OF _Claims Commissioner_

### APPLICATION

I, _Michael Moriarty_, the claimant, request a waiver of the filing fee required in the amount of $ _25.00_. Due to my poverty, I am unable to pay the required fee. I believe I am entitled to the relief sought in this claim against the State and, without such a waiver, I will be unable to pursue my claim.

### AFFIDAVIT

I, _Michael Moriarty_, being duly sworn, depose and say that the responses to the following questions are true.

1. Are you presently employed? (If an inmate in a state institution, include inmate employment.) Yes ( ) No (✓)
   a. If the answer is yes, state your salary or wages and give the name and address of your employer.

   $_____ per_____ Employer_____

   _____

   b. If the answer is no, state the date of last employment, the salary or wage and the name and address of your employer.

   Date of last employment _Sept 10, 2001_

   $ _1.75_ per _DAY_ Employer _Osborn Correctional_

   _____

2. Within the last 12 months, have you received any money from the following sources?
   a. Business, profession or self-employment? Yes ( ) No (✓)
   b. Rental income, royalties, interest or dividends? Yes ( ) No (✓)
   c. Pensions, annuities or insurance payments? Yes ( ) No (✓)
   d. Gifts or inheritances? Yes ( ) No (✓)
   e. Any other sources? Yes (✓) No ( )

   If the answer to any of the above is "yes", describe the source and amount of money received.

   _2 money orders for a total of $100.00_

   _from a friend_

   _____

3. Do you have money in a checking or savings account or cash on hand? (If an inmate, include funds in your inmate account.) Yes ( ) No (✓)
   If "yes", state the total balance $_____

-2-

4.  Do you own any real estate, stocks, bonds, notes, automobiles or other valuable property? (Exclude ordinary household furnishings and clothing.)   Yes ( )  No (✓)
If "yes", describe the property and state its approximate value.

_____

_____

5.  Do you have any outstanding debts? Yes ( )  No (✓)
If "yes", list or describe the debts and amounts owed.

_____

_____

6.  Do you have any recurring living expenses for food, clothing, shelter or the like? Yes ( )  No (✓) If "yes", list of describe the nature of such expenses and the amounts.
Housing_____    Food_____
Heat_____    Clothing_____
Electricity_____    Other_____

_____

7.  Is anyone dependent upon you for support? Yes ( )  No (✓) If "yes", list the dependent persons, their ages and relationship to you and the amount you contribute for support.

_____

_____

I understand that a false statement or answer to questions in this affidavit will subject me to penalties for perjury.

I have read the foregoing and it is true to the best of my knowledge and belief.

3/15/02                    _Michael Mouart_
Date                       Signature

Subscribed and sworn to before this _15_ day of _March_, _2002_.

Edward E. Gonyea
NOTARY PUBLIC          Notary Public of other person authorized to
My Commission                    administer an oath
Expires 12/31/2004

-----------------------------------------------------

NOTE:  If the claimant is an inmate of a state institution, the following must be completed.

STATUS OF INMATE ACCOUNT

Date _1-3-02_          Account Balance $ _.71¢_

In the last _4_ months, this account has had a total of $ _-0-_ deposited and a total of $ _-0-_ withdrawn.

_Angela L Chanski_
Authorizing Officer

01/07/2002 09:54    DEPARTMENT OF CORRECTIONS    P.    1 of 1

IM102            CONNECTICUT DEPARTMENT OF CORRECTION       OTRTASTA
              T R U S T   A C C O U N T   S T A T E M E N T   4.10.0.0.9 TR

DOC: 0000155269   Name: MORIARTY, MICHAEL             DOB: 11/24/1958
LOCATION: 137-H

                                          Max Date:

ACCOUNT BALANCES  Total:    0.71   CURRENT:   0.71  HOLD:

                    11/07/2001    01/07/2002

| SUB ACCOUNT | START BALANCE | END BALANCE |
|---|---|---|
| SPENDABLE BALANCE | 0.71 | 0.71 |

DEBTS AND OBLIGATIONS

| TYPE | PAYABLE | INFO NUMBER | AMOUNT OWING | AMOUNT PAID |
|---|---|---|---|---|
| OVPA | OVERPAYMENT OF INMATE PAYROLL | 115 MORIARTY | 0.00 | 24.50 |

TRANSACTION DESCRIPTIONS --     SPENDABLE BALANCE  SUB-ACCOUNT

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|

U.S.POSTAGE

0.3 4

MAY·1'02
CONN



MURPHY 205506
B410

1106 NORTH AVENUE
BRIDGEPORT, CT 06604

Connecticut Claims Commissioner

18 20 Trinity Street

Hartford, Ct. 06

THIS CORRESPONDENCE ORIGINATED
FROM AN INMATE AT A
CONNECTICUT CORRECTIONAL FACILITY

FILE NO. 19316

MICHAEL MORIARTY,                              :        OFFICE OF THE CLAIMS
    CLAIMANT                                            COMMISSIONER

           V.                                     :
STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION                       :
    RESPONDENT                                           AUGUST 22, 2002


## MOTION TO DISMISS

The Respondent State of Connecticut, Department of Correction moves to dismiss this matter in its entirety on the grounds that the claimant failed to comply with Conn. Gen. Stat. §4-148 in that this matter was brought beyond the one year statute of limitations.


                        RESPONDENT,
                        STATE OF CONNECTICUT,
                        DEPARTMENT OF CORRECTION

                        RICHARD BLUMENTHAL
                        ATTORNEY GENERAL

                        Henri Alexandre
                        Assistant Attorney General
                        Juris No. 85042
                        110 Sherman Street
                        Hartford, CT 06105
                        Tel.: (860) 808-5450

FILE NO. 19316

| | |
|---|---|
| MICHAEL MORIARTY,<br>CLAIMANT | :    OFFICE OF THE CLAIMS<br>     COMMISSIONER |
| V. | : |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF CORRECTION<br>RESPONDENT | :    AUGUST 22, 2002 |

## MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

### I. Introduction:

The Respondent, State of Connecticut, has requested that this case be dismissed because the Claims Commissioner lacks jurisdiction to hear a claim concerning the negligence of the Department of Correction because it is time barred, in that the claim was filed more than one year after it accrued.

On May 3, 2002, the claimant filed a Notice of Claim with the Claims Commissioner. There he alleged that on March 20, 2001, he sustained an injury when he fell off a 5 gallon bucket. He alleges that he was assigned to a work detail which was painting a utility closet. He alleges that he stood on the bucket while prepping the walls. He alleges that he slipped off the bucket and fell into a water shut off valve with a missing handle. He alleges that he impaled his leg on the valve, ripping a large V shaped gash into the rear of his left thigh. He further alleges that had the Department of Correction provided a step ladder, he would not have used the bucket and would not have sustained an injury. He alleges that the Department of Correction was negligent. He seeks damages in the amount of $5,000.00 and permission to sue the State.

## II.  Argument:

Conn. Gen. Stat. §4-148(a) requires that a claim such as this must have been filed within one year from the date of when it accrued.  According to the Notice of Claim, the alleged incident occurred on March 20, 2001.  Therefore, this claim should have been filed before March 20, 2002.  When it was filed on May 3, 2002, it was more than 6 weeks late.  Therefore, the Claims Commissioner lacks subject matter jurisdiction to hear this claim because it is time barred.

## III.  Conclusion:

For all the foregoing reasons this claim must be dismissed.

RESPONDENT
STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Henri Alexandre
Assistant Attorney General
Juris No. 85042
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450

## ORDER

The foregoing motion having been heard, it is hereby ORDERED:

GRANTED / DENIED

By the Claims Commissioner,

_____
Assistant Clerk

## CERTIFICATION

I hereby certify that a copy hereof was mailed this 22nd day of August, 2002, first class postage prepaid, to all counsel and/or pro se parties of record, in accordance with Connecticut Practice Book §10-12.

Michael Moriarty #155269
Hartford Correctional Center
177 Weston Street
Hartford, CT    06120

Henri Alexandre
Assistant Attorney General

## CERTIFICATION

I hereby certify that a copy hereof was mailed this 22nd day of August, 2002, first

class postage prepaid, to all counsel and/or pro se parties of record, in accordance with

Connecticut Practice Book §10-12.

Michael Moriarty, #155269
Hartford Correctional Center
177 Weston Street
Hartford, CT  06120

Henri Alexandre
Assistant Attorney General

OFFICE OF THE CLAIMS COMMISSIONER
18-20 Trinity Street, Hartford CT 06106

MICHAEL MORIARTY                    :           FILE NO. 19316
                                    :
        v.                          :
                                    :
STATE OF CONNECTICUT                :           SEPTEMBER 11, 2002
                                    :

## ORDER

The above captioned matter was filed beyond the one year Statute of Limitations (CGS 4-148) and therefore is dismissed from the docket of the Commissioner of Claims for lack of jurisdiction.

BY ORDER OF THE COMMISSIONER

JAMES R. SMITH

cc:    Henri Alexandre
       Assistant Attorney General

*Answered
10-28-02
Claims Office &
Attorney Generals*

10/28/02

Dear Sirs;

I am in reciept of your correspondence dated 10/22/02 dismissing my claim for late filing of claim. # 19316

First, I would like to point out that your letter to me dated 8/27/02 instructs me to file a memorandum by 9/30/02. Second, your office, as well as the attorney generals office, recieved from me copies of documents showing the D.O.C.'s responsibilities for the tardiness of my claim. These copies were sent out well within the time-frame of 9-30-02

Third, the commisioner ordered my case dismissed on 9-11-02 a full nineteen days before the deadline set by your own office.

Since I sent my memorandum within the set of the deadline, I would like my claim re-opened and a hearing scheduled. It was out of my control to move the Dept of Corrections to make sure my claim was filed on time.

Between 11/16/01 and 3/20/02 I was in four different facilities and to get legal work copied, not-

and sent out certified mail, at times, can seem to be quite a daunting task.

I ask for the claim to be re-opened out of a sense of fairness and what is legally the right thing to do. I have made every honest effort to follow the guidelines and I ask that my request be granted.

Sincerely,
Michael Moriarty
#14634-D-8
Wyatt Detention Facility
950 High Street
Central Falls, R.I.
02863-1506

11/6/02 Request to Reopen denied. (#1936)
Nanci Mae Gminski
Chief Clerk