UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MICHAEL MORIARTY | : | PRISONER<br>NO. 3:03CV206 (WWE)(HBF) |
| V. | : |  |
| WARDEN BROOKS, ET AL. | : | JUNE 24, 2005 |

### ANSWER OF THE DEFENDANT WARDEN LESLIE BROOKS WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DATED DECEMBER 20, 2004

**Parties**

1.  The defendant admits that the plaintiff, Michael Moriarty, was a sentenced inmate at the Osborn Correctional Institution in Somers, Connecticut at the time he alleges that his leg was injured. The rest and remainder of the allegations are denied.

2.  As to paragraph 2, the defendant admits that at the time of the leg injury alleged in plaintiff's complaint, the defendant, Leslie Brooks, was the Warden at the Osborn Correctional Institution in Somers, Connecticut. The rest and remainder of the allegations are denied.

3.  As to paragraph 3, the defendant admits that at the times referenced in plaintiff's complaint, the defendant, James Smith, was Claims Commissioner for the State of Connecticut. The rest and remainder of the allegations are denied.

4.  The defendant admits that at the time of the leg injury alleged in plaintiff's complaint, the defendant was acting under color of state law. The rest and remainder of the allegations are denied.

**Jurisdiction**

      1.      All allegations under this heading are denied.

**Nature of the Case**

      1.      As to the allegations made under this heading in the plaintiff's complaint, the defendant admits that the plaintiff injured his left thigh at the Osborn Correctional Institution on March 20, 2001, and that he received immediate medical attention for his injury. The rest and remainder of the allegations are denied or do not pertain to the defendant, Brooks.

**Cause of Action**

      1.      As to the allegations made under this heading in the plaintiff's complaint, the defendant admits that the plaintiff injured his left thigh at the Osborn Correctional Institution on March 20, 2001, and that he received immediate medical attention for his injury. The rest and remainder of the allegations are denied or do not pertain to the defendant, Brooks.

**All other sections**

      1.      All other allegations and claims in all other parts of the plaintiff's complaint are denied or do not pertain to the defendant, Brooks.

### AFFIRMATIVE DEFENSES

**As to All Claims:**

#### FIRST AFFIRMATIVE DEFENSE

The allegations of the complaint do not state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

To the extent that this case is effectively against a state official and employee in his official capacity, it is barred by the Eleventh Amendment to the United States Constitution.

**THIRD AFFIRMATIVE DEFENSE**

At all times relevant to this lawsuit, the defendant acted within the scope of his duties as an official/employee of the State of Connecticut performing discretionary functions and he acted within his qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**

The defendant, at all times relevant to the complaint, was a state official/employee and his conduct was not wanton, reckless or malicious, and was within the discharge of his duties or within the scope of his employment. He is, therefore, immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of sovereign immunity and his common law privileges and immunities.

**FIFTH AFFIRMATIVE DEFENSE**

As to all claims alleging state law causes of action, if any, such may only be maintained upon authorization by statute or by order of the State Claims Commissioner, and since the plaintiff has not and cannot demonstrate authority or authorization, this action is barred under the doctrine of sovereign immunity, the doctrine of primary jurisdiction and for failure to exhaust administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

The Federal Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to exhaust his administrative remedies required by the Prison Litigation Reform Act.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege and prove personal participation or responsibility.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's request for injunctive relief is not applicable to the defendant.

          DEFENDANT
          Warden Leslie Brooks

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

BY: /s/
          Robert F. Vacchelli
          Assistant Attorney General
          110 Sherman Street
          Hartford, CT  06105
          Tel.:  (860) 808-5450
          Fax:  (860) 808-5591
          E-Mail:  robert.vacchelli@po.state.ct.us
          Federal Bar #ct05222

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 24th day of June, 2005:

Michael Moriarty, No. 14634-014
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

Thomas Clifford
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT  06106

          /s/
          Robert F. Vacchelli
          Assistant Attorney General