UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL MORIARTY | : | PRISONER<br>NO. 3:03CV206 (WWE)(HBF) |
| V. | : | |
| WARDEN BROOKS, ET AL. | : | AUGUST 4, 2005 |

## LOCAL RULE 56(a)(1) STATEMENT

The defendant, Warden Brooks, by and through his undersigned counsel, hereby submits the following material facts as to which the defendant contends there is no genuine issue to be tried:

1.  The plaintiff, Michael Moriarty, is an inmate currently incarcerated in the federal prison system. At the times referenced in his Amended Complaint, he was a sentenced inmate in Connecticut correctional facilities. Amended Complaint, Parties, para. 1; Answer, Parties, para. 1.

2.  At times relevant to the Amended Complaint, the defendant, Leslie Brooks, was the Warden at the Osborn Correctional Institution in Somers, Connecticut. Amended Complaint, Parties, para. 2; Answer, Parties, para. 2.

3.  On March 20, 2001, the plaintiff was working as a tierman in the J-basement dormitory at Osborn Correctional Institution. Aff. of Wright, para. 3; Aff. of Capleton, para. 3.

4.  As a tierman, plaintiff was an inmate paid a small daily amount of money to do cleaning work in the housing unit with minimal supervision. Aff. of Brooks, para. 4.

5.  The work involves light cleaning. It is not hazardous work. It does not require one-on-one supervision. Plaintiff was chosen to be a tierman because of his capacity to act responsibly, and reliably. Aff. of Capleton, para. 8.

6.  Plaintiff was supervised by the unit officer, Correctional Officer Joyce Wright. Officer Wright instructed the plaintiff in his work assignments and provided him with materials and supplies necessary for his work. Aff. of Wright, para. 2.

7.  On March 20, 2001, Officer Wright heard a loud thud in the officer's area. She quickly proceeded to the area and saw plaintiff holding his left thigh, which was bleeding. She immediately called a Code White, calling other officers and medical staff to come to plaintiff's aid. Aff. of Wright, para. 3; Aff. of Capleton, para. 4.

8.  Officer Wright did not observe how plaintiff was injured, but there were no other inmates involved, and plaintiff reported that he was standing on a five gallon bucket in the supply closet, trying to reach some supplies on top of a storage cabinet when he slipped and fell backwards onto a water tap, which caused the injury. Aff. of Wright, para. 4; Aff. of Capleton, para. 6.

9.  This was certainly not a procedure taught or permitted at the facility. To the contrary, plaintiff ordinarily received materials and supplied from Officer Wright, and was instructed that he should ordinarily not retrieve supplies himself. If plaintiff needed more supplies from a high area, he knew, or should have known, that he was required to request help from staff, not help himself. Aff. of Wright, para. 2; Aff. of Capleton, para. 7; Aff. of Brooks, paras. 6, 7, 8.

10. Officer Wright did not instruct plaintiff to stand on the bucket. That is not a safe method to use to reach high areas, as plaintiff should have known, and, if she had seen him doing

2

that, she would have told him to get down and she would have arranged to supply him with the materials that he needed pursuant to the usual procedures for tierman work. Aff. of Wright, para. 5.

11. When asked how he was, plaintiff's only complaint was about "stupidity" in reference to his own poor judgment in attempting to stand on the bucket. Aff. of Capleton, para. 10; Videotape, Exhibit E.

12. Plaintiff received immediate medical attention for his injury and he was complimentary of staff performance throughout the incident. Aff. of Brooks, para. 11; Incident Reports, Letter, Exhibit B.

13. The defendant Brooks retired from the Department of Correction in May, 2001. Aff. of Brooks, para. 10.

14. After this incident, plaintiff remained at Osborn Correctional Institution until November 16, 2001, when he was transferred to the MacDougall Correctional Institution in Suffield, Connecticut. He remained housed at Connecticut Department of Correction facilities until October 3, 2002, when he was discharged to the custody of federal authorities. Aff. of Brooks, para. 9; Movement Records, Exhibit A.

15. At no time during any of the events referenced in the plaintiff's Complaint did Warden Brooks have responsibility for the administration of Hartford Correctional Center or any other facility of the Department of Correction, other than the Osborn Correctional Institution. Aff. of Brooks, para. 10.

16. In 2001, the Department of Correction had an administrative remedy available to inmates wherein they could complain about conditions of confinement or the actions of staff in DOC Directive 9.6, Inmate Grievances. Aff. of Morgan, para. 3; Exhibit C.

17. Plaintiff did not file a grievance concerning this accident, but he did file several others on other topics. Aff. of Morgan, para. 6; Exhibit D.

DEFENDANT
Warden Leslie Brooks

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5591
E-Mail:  robert.vacchelli@po.state.ct.us
Federal Bar #ct05222

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of August, 2005:

Michael Moriarty, No. 14634-014
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

Thomas Clifford
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT  06106

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General
