UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL MORIARTY | : PRISONER<br>: NO. 3:03CV206 (WWE)(HBF) |
| V. | : |
| WARDEN BROOKS, ET AL. | : ~~JULY~~ August 4, 2005 |

### AFFIDAVIT OF LESLIE BROOKS

State of Connecticut )
                     ) ss: Hartford          July 8, 2005
County of Hartford )

The undersigned, Leslie Brooks, being duly sworn, deposes and says:

1.     I was employed by the Connecticut Department of Correction from June, 1976 to May, 2001. During the time period April, 1995 to May, 2001, I was the Warden at the Osborn Correctional Institution. I am currently retired.

2.     I have no personal knowledge of the accident involving the plaintiff, Michael Moriarty, in the above captioned case. My only knowledge of this matter is from my review of the records of the Department of Correction and my familiarity with the Osborn Correctional Institution generally, having been the Warden of the facility.

3.     According to the plaintiff's complaint, and the records of the incident, Mr. Moriarty was a sentenced inmate at the Osborn correctional facility on March 30, 2001. A copy of the inmate's movement records and the incident report describing the events are attached in Exhibits A and B.

4. At that time, he was working as a tierman in the J-Basement dormitory, according to the reports. A tierman is an inmate permitted to do cleaning work in a housing area with minimal supervision. Tiermen are paid a small daily rate for their work.

5. According to the reports, Mr. Moriarty was found bleeding from his left thigh by custody staff who heard him fall in a closet.

6. Upon arrival of staff, Mr. Moriarty told staff that he was standing on a five gallon bucket retrieving supplies from on top of a storage cabinet in the supply closed when he slipped and fell backwards onto a water tap which caused the injury.

7. It was not an approved practice of the facility to permit tiermen, or anyone else, to stand on buckets to retrieve supplies out of reach.

8. Plaintiff's injuries were apparently caused by his own carelessness in attempting to reach an elevated area. Tiermen are instructed to request assistance from staff in such circumstances, not help themselves.

9. According to the records of the Department of Correction, after this incident, Mr. Moriarty remained at Osborn until November 16, 2001, when he was transferred to the MacDougall Correctional Institution in Suffield, Connecticut. See Movement Records, Exhibit A. He remained housed at Connecticut Department of Correction facilities until October 3, 2002, when he was discharged to the custody of federal authorities. Id.

10. At no time during any of the events referenced in the plaintiff's complaint did I have responsibility for the administration of Hartford Correctional Center or any other facility of the Department of Correction other than the Osborn Correctional Institution and I retired from the Department of Correction in May, 2001.

11. Following his injury, plaintiff was not critical of staff performance. In fact, he thanked them for the way they handled things. See Incident Reports, Exhibit B.

Dated at Hartford, Connecticut, this 8th day of July, 2005.

_____
Leslie Brooks

Subscribed and sworn to before me this 8th day of July, 2005.

_____
~~Notary Public~~ / Commissioner of the Superior Court

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of ~~July~~ August, 2005:

Michael Moriarty, No. 14634-014
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

Thomas Clifford
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106

_____
Robert F. Vacchelli
Assistant Attorney General