UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL MORIARTY | : | PRISONER<br>NO. 3:03CV206 (WWE)(HBF) |
| V. | : | |
| WARDEN BROOKS, ET AL. | : | ~~JULY~~ August 4  2005 |

### AFFIDAVIT OF NEVILLE A. CAPLETON

State of Connecticut  )
                      )  ss: Hartford          July 8, 2005
County of Hartford    )

The undersigned, Neville A. Capleton, being duly sworn, deposes and says:

1. I am employed by the Connecticut Department of Correction as a Captain at the Osborn Correctional Institution in Somers, Connecticut. I have worked at this facility since January, 1987 in various capacities and, in March 2001, I was working as a Lieutenant – a shift supervisor.

2. As a shift supervisor, I supervise correctional officials working on my shift and I help to collect information concerning incidents to report to my supervisors, among other duties.

3. On March 20, 2001, Inmate Moriarty, who was working as a tierman in the J-Basement dorm at the time, was observed with an injury to his left thigh by Officer Wright.

4. Officer Wright issued a Code White announcement, resulting in officers and medical staff responding immediately to the scene to assist the injured inmate.

5. Inmate Moriarty was immediately rendered medical attention and brought to the treatment room in the medical unit at the facility.

6. During this process, Inmate Moriarty was interviewed and stated to me that he was standing on a five gallon bucket retrieving supplies from on top of a storage cabinet in the supply closet when he slipped backwards onto a water tap which caused the injury.

7. This was certainly not a procedure taught or permitted at the facility. Tiermen are provided with necessary supplies and materials to do their jobs by staff. If plaintiff needed more supplies or materials from a high area, he was required to request help from staff, not help himself.

8. Tiermen are given direction and observed, from time to time, by officers who are present in the dorms. Tiermen are chosen for their demonstrated responsibility, and their duties involve light cleaning, which is not hazardous work, so it is not necessary to assign a one-on-one supervisor for such work. Inmate Moriarty was chose for this position because of his capacity to act responsibly and reliably.

9. Plaintiff's injury was caused by his failure to exercise ordinary caution and to follow standard procedures in his duties, and staff was not at fault in this accident.

10. Staff response to the scene of the accident was recorded on videotape. On camera, when I asked him how he was, plaintiff's only complaint was about "stupidity" in reference to his own poor judgment in attempting to stand on the bucket. A copy of the videotape, which accurately depicts the events at the time, is supplied in Exhibit E.

Dated at Hartford, Connecticut, this 8th day of July, 2005.

_____
Captain Neville A. Capleton

Subscribed and sworn to before me this 8th day of July, 2005.

_____
Notary Public / Commissioner of the Superior Court

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of ~~July~~ August, 2005:

Michael Moriarty, No. 14634-014
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

Thomas Clifford
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106

_____
Robert F. Vacchelli
Assistant Attorney General

3