United States District Court
District of Connecticut

FILED 2006 MAR 24 3:21
DISTRICT COURT

Michael Moriarty : No. 3:03CV206(WWE)(HBF)
v. :
Warden Brooks, Et Al : Date: March 19, 2006

## Response to Defendants Motion for Summary Judgement

The Plaintiff, Michael Moriarty Reg #14634-014 who is a Pro Se Plaintiff in this action acknowledges Defendant Brooks motion and hereby responds accordingly.

As a Pro Se litigant in this matter, the Plaintiff is for all intent and purposes basically ignorant of

(1)

most legal matters and maneuverings. The motion put forth by the States Attorney Generals office is a travesty to common sense, as well as the Plaintiffs intelligence.

In Part, Brooks in his official capacity is not at fault, the State can't be held accountable, Brooks has qualified immunity, Plaintiff is barred by the Eleventh Amendment from seeking legal redress and Plaintiff should have filed a grievance!

First and foremost, if nobody is responsible or accountable for accidents

(2)

in a State Prison then how is legal redress and/or compensation achieved.

Second, affadavits from State employees trying to hold their State jobs is laughable. They <u>will</u> <u>not</u> jeopardize their livelihood to cross the line and side with a former inmate.

In these affadavits one can see the <u>party line</u> being laid down. Emphasis added. Joyce Murphys statement that Plaintiff should have gotten her to retrieve cleaning supplies from high areas of the closet is an absurdity. Mrs Murphy is one foot (12 inches) shorter than the Plaintiff.

(3)

While standing on firm terra cotta the Plaintiffs reach is over eight feet with ease. No <s>cleaning supplies</s> are kept more than eight feet above ground level in an inmate housing unit and to present it as such is an insult to anyones intelligence.

The Plaintiff was painting period! He was prepping out a room (not a closet) prior to painting. The units heating and ventilation condenser and evaporator are located in this room and therefore are subject to huge amounts of dirt and cobweb accumulation.

(4)

The Plaintiff was and is a professional painter by trade. 1995 and 1996 Plaintiff was the Pro in College Pro Painters based in Monroe, Ct. He was their trouble shooter and problem solver providing the cures when regular paint crews messed up a job, or when the task was beyond their capabilities.

College Pro Painters had a business office in an office complex on Route 59 in Monroe, Ct. but it was the Plaintiffs company (A+ Homeworks) who painted the entire exterior of said complex.

Mr. Mourty (Plaintiff) had a

(5)

full time crew of eight painters working and he acted as a sub-contractor to College Pro Painting.

So, prepping out a room is a part of painting anything by a professional.

This business of retrieving cleaning supplies is the party line and should be acknowledged as such. The facilities log book would, should and could show Mr. Brooks weekly hours of J-Basement, the unit in question. As part of the show, Herman would be actively working upon his arrival, therefore making him aware of the painting

(6)

project.

    Attached to the Local Rule 56(a)(1) Statement is a letter Plaintiff wrote to Mr. Brooks acknowledging staffs conduct and performance. It also points out that Mr. Brooks himself had me assigned to the job of fireman in J-Basement. This is an extremely rare occurence because the Warden ordinarily does not involve himself in job assignments for one inmate, also because the housing unit in particular was a drug-program within the prison there was <u>no fireman</u>; Mr. Brooks went out of his way to create the position for the Plaintiff

(7)

and Mr. Henry Bethea going in direct conflict to the wishes of the Drug Programs Director Ms. Ida Terry.

Mr. Brooks covertly had Mr. Dennis Morgan head of Inmate Job Classification assign me to the job. Shortly after the accident, Ms. Terry got her way and Mr. Morgan put me in the kitchen.

All of this should prove that Mr. Brooks was fully aware of the painting project; how the job was being performed (in his presence) and his direct involvement in securing the job at the unit for the Plaintiff.

Legal techniques and maneuverings are out of this Plaintiff's realm. In short, this Plaintiff performed a painting project in a housing unit for 6 to 8 weeks with weekly tours by Mr. Brooks and/or his subordinates. They were fully aware of how this was being done, especially Lt. Capelton.

The Plaintiff got hurt because the facility would not supply a step ladder. He is permanently scarred, suffers involuntary muscle twitches and went through a severe amount of pain the day of the accident and for 60 days of recovery afterwards.

(9)

Ordinary citizens seek and receive legal redress everyday, why should this be any different.

How can no one be responsible? The Second District Court of Appeals sent the case back for further consideration, isn't this saying something?

All this Plaintiff is asking is for a chance to have his day in court, a chance to tell his side of the case, present _his_ witnesses, stand Ms. Murphy next to the Plaintiff in court and let a jury determine who should retrieve anything up high.
(Plaintiff is 6 foot 4 inches tall)

(10)

Lastly, Plaintiff previously asked this court to appoint legal counsel and was denied. He freely admits that this legal proceeding is beyond his scope. Inmate in general are at a distinct disadvantage; no computers, not even a Yellow Pages to acquire a lawyers address. How can we adequately take on a States Attorneys office and all its components? Who fights for the little guy? When is something fair, not just legal?

    Plaintiff would ask this court to realize as an inmate we are told to do something and if you want

(11)

to keep that job, you do it the best way you can because there is always another number (inmate) to take your place (job and sleeping quarters). The idea that Plaintiff went against proper procedures is not true and he asks for the opportunity to provide conflicting testimony and witnesses.

Respectfully Submitted
Michael Moriarty
Reg # 14634-014

## Certificate of Service

I, Michael Moriarty #14634-014, hereby certify that a true and accurate copy of this motion was mailed first-class postage pre-paid to the address below on March 20, 2006

Michael Moriarty
#14634-014

Robert F. Vachelli
Asst. Att. General
110 Sherman Street
Hartford, Ct 06105